UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SAQIB KAFEEL,<br><br>        Plaintiff,<br><br>    v.<br><br>APPLE INC., et al.,<br><br>        Defendants. | Case No. 26-cv-00330-RFL<br><br>**ORDER GRANTING APPLICATION TO PROCEED IN FORMA PAUPERIS AND DENYING EX PARTE MOTION FOR TEMPORARY RESTRAINING ORDER**<br><br>Re: Dkt. Nos. 2, 3, 4 |

      Saqib Kafeel filed this lawsuit against Apple Inc. and related entities (collectively, Apple) after his Apple Books publishing accounts were terminated. Kafeel has filed an application to proceed *in forma pauperis*. He also seeks an *ex parte* temporary restraining order restoring access to his Apple Books publishing accounts, in addition to prohibiting deletion of his published e-books and requiring their return.

      Kafeel's application to proceed *in forma pauperis* is **GRANTED**. Pursuant to 28 U.S.C. § 1915(e)(2), a separate screening order will be issued addressing the sufficiency of his claims, the issuance of the summons, and service.

      Kafeel's motion for a temporary restraining order is **DENIED**. A plaintiff seeking injunctive relief must demonstrate "he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008). Kafeel's publishing accounts appear to have been terminated in July 2025. (Dkt.

No. 1 at 11.)[1]  His almost six-month delay in seeking injunctive relief "implies a lack of urgency and irreparable harm."  *See Oakland Trib., Inc. v. Chron. Pub. Co.*, 762 F.2d 1374, 1377 (9th Cir. 1985).

Moreover, a temporary restraining order can only be issued without notice to the adverse party if the plaintiff "certifies in writing any efforts made to give notice and the reasons why it should not be required."  Fed. R. Civ. P. 65(b)(1)(B).  To effectuate this requirement, Civil Local Rule 65-1(a)(5) requires a motion for a temporary restraining order to be accompanied by a sworn "declaration . . . certifying that notice has been provided to the opposing party, or explaining why such notice could not be provided."  As an unsworn part of his motion, Kafeel stated he "attempted to resolve this matter through Apple's internal support," "sent a formal legal notice on August 1, 2025," and faces "ongoing financial destruction and the risk of data deletion."  (Dkt. No. 3 at 2.)  But his past communications with Apple about his publishing accounts do not establish he provided notice that he was seeking a temporary restraining order.  And he does not provide a good reason why notice could not be provided.

These problems would not necessarily preclude Kafeel from seeking a preliminary injunction.  In the interest of efficiency, the Clerk of the Court shall send a courtesy copy of Kafeel's Complaint and this Order via email to Apple's counsel in another matter before this Court.  The Clerk of the Court shall also send a courtesy copy of this Order to Kafeel's email address in addition to serving it through the mail.  Kafeel and Apple are **ORDERED** to submit a status report by **January 28, 2026**, stating whether Kafeel will file a motion for a preliminary injunction, a briefing schedule for any such motion, and whether Apple will waive service of process, with service having been deemed complete as of January 28, 2026 (or another date to which the parties agree).  A joint status report is strongly preferred, but in light of Kafeel's lack of an attorney and his residence abroad, the parties may each submit their own separate reports if a joint report cannot feasibly be completed.

---

[1] All citations to page numbers refer to ECF pagination.

Finally, Kafeel is not represented by a lawyer in this case.  The remainder of this Order advises Kafeel of the free legal resources available to a self-represented litigant and of the rules of court, which apply to all litigants, including those proceeding without an attorney.

## RESOURCES AVAILABLE

- **District Court Website:**  The District Court website (https://www.cand.uscourts.gov/pro-se-litigants/) has information on representing yourself, including basic information on filing, definitions of common legal terms, and templates for use in civil cases.

- **Pro Se Handbook:**  The District Court has produced a guide for pro se litigants called *Representing Yourself in Federal Court*, which provides instructions on how to proceed at every stage of the case, including discovery, motions, and trial.  It is available electronically online (https://cand.uscourts.gov/representing-yourself/pro-se-handbook) or you may pick a hard copy free of charge from the Clerk's Office.

- **Legal Help Center:**  You may make an appointment to speak with an attorney who may be able to provide basic legal assistance, but not representation, by reaching out to the Legal Help Center.  You may either call (415) 782-8982 or email fedpro@sfbar.org.  This service is provided free of charge by the Bar Association of San Francisco.

## RULES OF THE COURT

Below are some of the basic rules of which you should be aware.  This list is not exhaustive, and you should refer to the Pro Se Handbook for additional rules of court and further explanations of the below rules.

- **Federal Rules of Civil Procedure:**  These rules, which are available for free online (https://www.uscourts.gov/rules-policies/current-rules-practice-procedure/federal-rules-civil-procedure), govern civil proceedings in all U.S. District Courts.

- **Civil Local Rules:**  In addition to the Federal Rules of Civil Procedure, this District Court has its own set of Civil Local Rules that must be followed.  They are available for free online at http://cand.uscourts.gov/localrules/civil.

- **Standing Orders:**  Judge Lin has a set of standing orders which must be followed as well.

They are available for free online at https://www.cand.uscourts.gov/judges/lin-rita-f-rfl/. The Civil Standing Orders, which apply to this case, are available at https://cand.uscourts.gov/sites/default/files/standing-orders/RFL-Civil-Standing-Order-11-05-2025.pdf. If this case proceeds to trial, the Civil Trial Standing Orders will also apply.

- **Electronic Filing:** Electronic filing ("e-filing") allows parties to file documents online instead of submitting hard copies to the Clerk's Office. Parties representing themselves are not required to use e-filing but may choose to do so. There are no registration costs and no fees for e-filing, but you must obtain court approval first. For more information and to request approval, visit https://www.cand.uscourts.gov/e-file/.

    **IT IS SO ORDERED.**

Dated: January 14, 2026

                                        RITA F. LIN
                                        United States District Judge