UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SAQIB KAFEEL, <br><br> Plaintiff, <br><br> v. <br><br> APPLE INC., et al., <br><br> Defendants. | Case No.  26-cv-00330-RFL <br><br> **ORDER DENYING MOTION FOR PRELIMINARY INJUNCTION** <br><br> Re: Dkt. No. 20 |

For the third time since filing this case without the benefit of counsel in January, Saqib Kafeel asks for injunctive relief.  This time, Kafeel moves for a preliminary injunction that would "prevent the imminent spoliation of unique intellectual property" by enjoining Apple from deleting his e-books and requiring it to prove preservation.  (Dkt. No. 20 at 2.)[1]  After considering the parties' written submissions, Kafeel's motion is **DENIED**.

Kafeel's requested relief revolves solely around preservation.  (Dkt. No. 20 at 2 (asking for preservation and an associated certificate, an "[e]xport [p]rotocol" to create a "forensic snapshot," and in camera review of logs supporting fraud claims); *see also* Dkt. No. 20-2 at 1–2; Dkt. No. 31 at 28–30.)  However, parties already have a duty to preserve relevant evidence in anticipated and pending litigation.  *Bright Sols. for Dyslexia, Inc. v. Doe 1*, No. 15-CV-01618-JSC, 2015 WL 5159125, at *2 (N.D. Cal. Sept. 2, 2015) (citation omitted).  As an order demanding compliance with this preexisting duty is strong medicine that should be dispensed with restraint, courts first require "a significant concern that potentially relevant evidence will be destroyed causing harm to the opposing party."  *Id.* (citing *Am. LegalNet, Inc. v. Davis*, 673 F. Supp. 2d 1063, 1071–72 (C.D. Cal. 2009)).

---

[1] All citations to page numbers in filings on the docket refer to ECF pagination.

Kafeel has not shown injunctive relief is necessary to prevent such irreparable harm.  *See id.*; *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008).  Kafeel submits limited evidence that his e-books face likely deletion.  First, he points to a settlement agreement requiring Apple to "confirm permanent deletion of individual Siri audio recordings."  (Dkt. No. 20 at 3; Dkt. No. 29-4 at 10.)  But this case involves e-books, not Siri.  Second, he points to a provision of the eBook Distribution Agreement providing that after termination of the Agreement, "Publisher Materials in Apple's possession or control shall be promptly destroyed." (Dkt. No. 29-2 at 13; Dkt. No. 31 at 9.)  However, Apple confirmed that it is complying with its preservation duties in this lawsuit "notwithstanding any contractual right to delete materials." (*See* Dkt. No. 29 at 15; Dkt. No. 29-5 at 7.)  Apple's preservation duties in this lawsuit would clearly prohibit deletion of Kafeel's e-books, so there is no reason to believe they are subject to imminent deletion.

For the foregoing reasons, Kafeel's motion is **DENIED**.  Additionally, Apple raised that Kafeel's motion may contain hallucinations created by generative artificial intelligence tools. (Dkt. No. 29 at 7, 18–19.)  Kafeel's reply did not address this point, but purports to have links to each citation.  Nevertheless, some of the reply's citations do not exist.  (*See, e.g.*, Dkt. No. 31 at 28 (citing "*In re Grand Jury Subpoena*, 972 F.2d 1474 (9th Cir. 1992)," which does not exist).) Use of generative artificial intelligence tools is permitted, but an individual must personally confirm for themselves the accuracy of any research regardless of the source.  Kafeel is warned that if his future filings contain nonexistent cases, they may be stricken from the docket.

**IT IS SO ORDERED.**

Dated: April 1, 2026

RITA F. LIN
United States District Judge

2