UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAQIB KAFEEL,

Plaintiff,

v.

APPLE INC., et al.,

Defendants.

Case No. 26-cv-00330-RFL

**ORDER GRANTING IN PART AND DENYING IN PART MOTION TO DISMISS AND STRIKE, DENYING MOTION FOR SANCTIONS, AND GRANTING IN PART AND DENYING IN PART MOTION TO STRIKE AND FOR OTHER RELIEF**

Re: Dkt. Nos. 56, 60, 69

Saqib Kafeel filed this action after Apple terminated his Apple Books publishing accounts. After his original complaint was dismissed in part, he filed an amended complaint, which Apple has moved to dismiss. Kafeel has also filed a motion for evidentiary sanctions, which Apple has moved to strike. For the reasons stated below, Apple's motion to dismiss and strike (Dkt. No. 56) is **GRANTED IN PART** and **DENIED IN PART**; Kafeel's motion for sanctions (Dkt. No. 60) is **DENIED**; and Apple's motion to strike and for other relief (Dkt. No. 69) is **GRANTED IN PART** and **DENIED IN PART**. This order assumes the reader is familiar with the facts of the case, the applicable legal standards, and the arguments made by the parties.

## I. APPLE'S MOTION TO DISMISS AND STRIKE (DKT. NO. 56)

### A. Subject Matter Jurisdiction

As explained in the Court's previous order, there is diversity jurisdiction over this action. The parties are completely diverse, because Kafeel is a citizen of Pakistan, and Apple is a citizen of California. (*See* Dkt. No. 47 at 5-6.)[1] The amount in controversy is adequately alleged to be

[1] All citations to page numbers refer to ECF pagination.

over $75,000, because Kafeel still alleges that Apple deprived him of assets including his "proprietary digital master files, consisting of over 3,400+ assets 'Vintage Gems' [which are] unique, hand-polished EPUB 3 derivative architectures, high-resolution vector covers, and custom structural layout file structures," and that these assets are worth over $75,000. (Dkt. No. 54 at 15.) While Apple may be correct that there are reasons to be skeptical of Kafeel's claim for $45 million in damages, Apple's challenge to the value and earning potential of these assets is still not enough to say it is a "legal certainty" that the amount in controversy is less than $75,000. *See Pachinger v. MGM Grand Hotel-Las Vegas, Inc.*, 802 F.2d 362, 363-64 (9th Cir. 1986) (explaining that the plaintiff's amount in controversy allegations control, unless it "appear[s] to a legal certainty that the claim is really for less than the jurisdictional amount," and this "legal certainty test makes it very difficult to secure dismissal of a case" (citations and internal quotation marks omitted)).

**B. Breach of Contract**

Kafeel has plausibly stated a breach of contract claim because he alleged that Apple terminated his eBooks accounts without providing the 30 days' notice required by Section 1(q) and Section 13(a) of the eBook Agreement. (*See* Dkt. No. 54 at 14.) Apple acknowledges that the Court previously held that Kafeel's original complaint plausibly stated this claim, but Apple argues things are different now, because the amended complaint does not include the words "lost profits," and so it purportedly dropped all allegations of damages for the alleged breach. However, the amended complaint states that because of the lack of notice, Kafeel was unable to "fulfill pending distributions," and that Kafeel suffered "consequential business destruction." (Dkt. No. 54 at 14.) Generously construed, these allegations are enough to plausibly state that Kafeel suffered damages as a result of the alleged notice-less termination. Thus, this claim is not dismissed.

The amended complaint also references breaches of different contracts, on new theories that Apple deactivated Kafeel's developer and Apple ID accounts. (Dkt. No. 54 at 9-10.) Because those other alleged breaches are beyond the scope of amendment permitted by the order

dismissing the original complaint, and because Kafeel has abandoned them by not addressing them in his opposition brief, Kafeel's claims based on breaches of these other contracts are dismissed. (*See* Dkt. No. 47 at 7 ("The amended complaint may not add new claims, or otherwise change the allegations except to correct the identified deficiencies, absent leave of the Court or stipulation by the parties pursuant to Federal Rule of Civil Procedure 15.").)

**C. Implied Covenant of Good Faith and Fair Dealing**

Kafeel has still failed to plausibly allege a violation of the implied covenant of good faith and fair dealing. As explained in the previous order, his allegations are either duplicative of the breach of contract claim, or simply fault Apple for choosing to terminate the contract, which was expressly permitted by the contract and so cannot violate the implied covenant. *See Nor-Cal Moving Servs. v. Paylocity Corp.*, No. 25-cv-02085-RFL, 2025 WL 2076620, at *1 (N.D. Cal. July 23, 2025) ("Under California law, claims for breach of the implied covenant of good faith and fair dealing 'may be disregarded as superfluous' if the allegations 'do not go beyond the statement of a mere contract breach and, relying on the same alleged acts, simply seek the same damages or other relief already claimed in a companion contract cause of action.'" (citation omitted)); *Carma Devs. (Cal.), Inc. v. Marathon Dev. Cal., Inc.*, 2 Cal. 4th 342, 376 (1992) ("Marathon's termination of the lease . . . was expressly permitted by the lease and was clearly within the parties' reasonable expectations. In our view, such conduct can never violate an implied covenant of good faith and fair dealing."). This claim is dismissed with prejudice.

**D. Conversion and Trespass to Chattels**

Kafeel has failed to state a claim for conversion and trespass to chattels. To the extent Kafeel repeats his previous allegation that Apple took his eBooks when it terminated his account, this claim fails for the same reason it did before: Kafeel has no interest in property that is turned over for eventual destruction, and the eBooks Agreement requires Apple to destroy its copies of Kafeel's eBooks upon termination of the contract. *See Ananda Church of Self-Realization v. Massachusetts Bay Ins. Co.*, 95 Cal. App. 4th 1273, 1282-83 (2002).

The amended complaint adds a new allegation that Apple locked Kafeel out of its copies

of his eBooks for the six months prior to termination. (Dkt. No. 54 at 15-16.) But changing when he lost access to the copies of the eBooks does not help, because he did not have a property interest in the copies. Thus, the conversion and trespass to chattels claim is dismissed with prejudice.

### E. Unfair Competition Law (UCL)

Kafeel has failed to state a claim under California's UCL, Cal. Bus. & Prof. Code § 17200, under any of its three prongs, for much the same reasons as in the order dismissing his original complaint. His amended complaint adds allegations that Apple promotes public domain works by "corporate sellers who charge exorbitant prices for the exact same public domain text" while suppressing independent publishers, and speculates that "[d]iscovery is required to determine whether Apple maintains confidential, anti-competitive agreements with these preferred corporate publishers to purposefully block and eliminate transparent, low-cost marketplace competition." (Dkt. No. 54 at 16-18.) But Kafeel alleges no facts to support his speculation about a broader scheme, and indeed, the only independent publisher contract that he alleges Apple breached is his own. Thus, this claim is dismissed with prejudice. *See Puentes v. Wells Fargo Home Mortg., Inc.*, 160 Cal. App. 4th 638, 645 (2008) ("[A] breach of contract may . . . form the predicate for Section 17200 claims, *provided it also constitutes conduct that is 'unlawful, or unfair, or fraudulent.'*" (alterations and emphasis in original) (citation and internal quotation marks omitted)).

### F. Intentional Infliction of Emotional Distress (IIED)

Kafeel has not added any new factual allegations to support his IIED claim. This claim is dismissed with prejudice for the same reasons as in the previous order. (*See* Dkt. No. 47 at 4-5.)

### G. Requests to Strike Portions of the Amended Complaint

Finally, Apple's motion also seeks to strike various portions of Kafeel's amended complaint. The request is granted as to Kafeel's statement that Apple's counsel are "habitual defenders of money launderers and fraudsters," because this statement is immaterial, impertinent, and scandalous. (Dkt. No. 54 at 27 (internal quotation marks omitted); *see* Fed. R. Civ.

P. 12(f)(1) ("The court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter.").) Otherwise, the request is denied as moot in light of the dismissal of all claims besides the breach of contract claim.

## II. KAFEEL'S MOTION FOR SANCTIONS (DKT. NO. 60)

Kafeel has not described any sanctionable conduct by Apple or its counsel, and his motion instead primarily repeats the requests for relief in his complaint. The motion (Dkt. No. 60) is thus **DENIED**.

## III. APPLE'S MOTION TO STRIKE AND FOR OTHER RELIEF (DKT. NO. 69)

Because Kafeel's motion for sanctions is denied, Apple's request to strike that motion is denied as moot.

Apple's motion to strike also requested "additional relief because addressing Plaintiff's Motion in isolation is insufficient to remedy the systemic issues in this case." (Dkt. No. 69 at 6.) Specifically, Apple explains that Kafeel has needlessly filed motions, including two requests for temporary restraining orders and another request for a temporary restraining order and preliminary injunction, all of which requested similar relief, and all of which the Court denied. (*See* Dkt. Nos. 3, 9, 20 (requesting relief); Dkt. Nos. 8, 10, 36 (denying relief).) Kafeel has also cited hallucinated quotations and cases (*see* Dkt. No. 36 at 2), made unjustified ad hominem attacks on Apple's counsel (*see* Dkt. No. 69), repeatedly demanded untimely discovery (Dkt. Nos. 20, 22; Dkt. No. 54 at 24, 27-31), and filed briefs that exceeded the court's page and line number limitations (*see* Dkt. No. 43).

Apple also explains that Kafeel has refused to meet and confer throughout the litigation, including before filing the sanctions motion, which violates the Local Rules. *See* Civil. L.R. 1-5(n); 37-1(a). For example, just before filing the sanctions motion—at 2:15 a.m. in Apple's timezone—Kafeel sent Apple an email with "Meet and confer" in the subject line and two sentences demanding $5 million, without meaningfully justifying that demand or explaining what relief he would seek if Apple did not comply. (*See* Dkt. No. 69-2.) Thirty minutes later, supposedly because he had not yet heard a response from Apple, Kafeel filed his sanctions

motion. That behavior does not satisfy the definition of "meet and confer." *See* Civil L.R. 1-5(n). Kafeel's opposition makes various arguments about his efforts to communicate with Apple's counsel via email, but does not convincingly explain how this behavior was acceptable, and does not address the broader set of problems Apple identified. (*See* Dkt. No. 71.)

In sum, Kafeel's approach to this litigation has imposed needless costs on the Court and on Apple and its counsel. Apple's request for additional relief is thus **GRANTED** as follows: **Kafeel may not file further documents or non-dispositive motions without leave of Court**. To request leave of Court, Kafeel must file a **one-page** letter explaining what his motion is and why he should be allowed to file it. Apple need not respond unless the Court grants leave to file.

## IV. CONCLUSION

For the reasons stated above, Apple's motion to dismiss is **GRANTED IN PART** and **DENIED IN PART**. Kafeel's breach of contract claim survives, and all other claims are **DISMISSED**. Because Kafeel has already amended once and failed to correct the deficiencies in the dismissed claims, the Court concludes that further amendment would be futile, and so dismissal is **WITHOUT LEAVE TO AMEND**. Additionally, the portions of the amended complaint that attack opposing counsel are **STRICKEN**. Apple shall file an answer by **December 17, 2026**.

Kafeel's motion for sanctions is **DENIED**, and Apple's motion to strike is **GRANTED IN PART AND DENIED IN PART**. Kafeel may not file further documents or non-dispositive motions without leave of Court, as described in this order.

**IT IS SO ORDERED.**

Dated: November 19, 2026

RITA F. LIN
United States District Judge